UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————————————— x   CASE NO.:

SUSAN RICE, an individual; ELIZABETH
MELOSKIE, an individual; and SHARI
KAVALIN, an individual; on behalf of
themselves and all others similarly situated,

                Plaintiffs,

         vs.

M.R.S. ASSOCIATES, INC., a New Jersey
Corporation; and JOHN AND JANE DOES
NUMBERS 1 THROUGH 25,

                Defendants.

————————————————————

**CV10-3709**

**CLASS ACTION**

**COMPLAINT FOR VIOLATIONS OF
THE FAIR DEBT COLLECTION
PRACTICES ACT AND FLORIDA
CONSUMER COLLECTION
PRACTICES ACT**

**DEMAND FOR JURY TRIAL**

FEUERSTEIN, J.

WALL, M.J.

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ AUG 1 2 2010 ★
BROOKLYN OFFICE

## I. PRELIMINARY STATEMENT

1.    Plaintiffs, SUSAN RICE ("RICE") and ELIZABETH MELOSKIE
("MELOSKIE"), and SHARI KAVALIN ("KAVALIN"), on their own behalf and on behalf of
the classes they seek to represent, bring this action for the illegal practices of the Defendant
M.R.S. ASSOCIATES, INC. ("M.R.S. ASSOCIATES") who, *inter alia*, used false, deceptive,
and misleading practices, and other illegal practices, in connection with its attempts to collect an
alleged debt from the Plaintiffs and others.

2.    The Plaintiffs allege that M.R.S. ASSOCIATES's collection practices violate the
Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Florida
Consumer Collection Practices Act, Fla. Stat. §§ 559, *et seq.* ("FCCPA").

3.    Such collection practices include, *inter alia*:

(a)    Leaving telephonic voice messages for consumers, which fail to provide
meaningful disclosure of Defendant's identity;

(b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

(c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt; and

(d)     Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

4.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (e).

5.     The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. The Second Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993).

6.     To prohibit harassment and abuses by debt collectors the FDCPA, at 15 U.S.C. § 1692d, provides that a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt and names a non-exhaustive list of certain *per se* violations of harassing and abusive collection

conduct. 15 U.S.C. § 1692d(1)-(6). Among the *per se* violations prohibited by that section are: the placement of telephone calls without meaningful disclosure of the caller's identity, 15 U.S.C. § 1692d(6).

7.      To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection letters and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. § 1692e(1)-(16). Among the *per se* violations prohibited by that section are: the failure by debt collectors to disclose in initial oral communications that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, 15 U.S.C. § 1692e(11); and the failure by debt collectors to disclose in subsequent oral communications with consumers that the communication is from a debt collector, 15 U.S.C. § 1692e(11).

8.      The FCCPA, like the FDCPA, prohibits debt collectors from using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt.

9.      The Plaintiffs, on behalf of themselves and all others similarly situated, seek statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FDCPA, FCCPA, and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, request that they and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

10.     This case involves an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. As such,

this action arises out of the collection of a "debt" or "consumer debt" as those terms are defined by Fla. Stat. § 559.55(1).

## II. PARTIES

11.     RICE is a natural person.

12.     At all times relevant to this lawsuit, RICE was a citizen of, and resided in, the Hamlet of Port Washington, Nassau County, New York.

13.     MELOSKIE is a natural person.

14.     At all times relevant to this lawsuit, MELOSKIE was a citizen of, and resided in, the Borough of Sussex, Sussex County, New Jersey.

15.     KAVALIN is a natural person.

16.     At all times relevant to this complaint, KAVALIN resided in the City of Lighthouse Point, Broward County, Florida and is a citizen of the State of Florida.

17.     At all times relevant to this lawsuit, M.R.S. ASSOCIATES is a for-profit Corporation existing pursuant to the laws of the State of New Jersey.

18.     M.R.S. ASSOCIATES maintains its principal business address at 3 Executive Campus, Suite 400, Township of Cherry Hill, Camden County, New Jersey.

19.     Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are sued under fictitious names as their true names and capacities are yet unknown to Plaintiffs. Plaintiffs will amend this complaint by inserting the true names and capacities of these DOE defendants once they are ascertained.

20.     The Plaintiffs are informed and believe, and on that basis allege, that Defendants, JOHN AND JANE DOES NUMBERS 1 THROUGH 25, are natural persons and/or business entities all of whom reside or are located within the United States who personally created,

### III.  JURISDICTION & VENUE

21.   Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

22.   Supplemental jurisdiction for KAVALIN's state law claims arises under 28 U.S.C. § 1367.

23.   Declaratory relief is available pursuant to under 28 U.S.C. §§ 2201, 2202.

24.   Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of RICE occurred within this federal judicial district, and because M.R.S. ASSOCIATES is subject to personal jurisdiction in the State of New York at the time this action is commenced.

25.   MELOSKIE and KAVALIN join their claims with RICE pursuant to Fed. R. Civ. P. 20(a)(1) because those claims are with respect to or arise out of the same occurrence or series of transactions or occurrences as the claims of RICE, and a question of law or fact is common to all Plaintiffs and the putative classes they seek to represent.

### IV.  FACTS REGARDING RICE

26.   Sometime prior to March 5, 2010, RICE allegedly incurred a financial obligation ("Rice Obligation").

27.    The Rice Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

28.    Defendants contend that the Rice Obligation is in default.

29.    The alleged Rice Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

30.    RICE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

31.    RICE is informed and believes, and on that basis alleges, that sometime prior to March 5, 2010, the creditor of the Rice Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to M.R.S. ASSOCIATES for collection.

32.    Within the one year immediately preceding the filing of this complaint M.R.S. ASSOCIATES contacted RICE on multiple occasions via telephone and left voice messages in an attempt to collect the Rice Obligation.

33.    By way of limited example only, the following is a transcript of one such "live" telephonic voice message that M.R.S. ASSOCIATES left for RICE on her home telephone voicemail system during the one-year period immediately preceding the filing of this complaint:

> "This message is for Susan Rice. My name is Ms. Sims, I have some important information I need to make you aware of. You **_must_** contact me immediately at 888-274-9834; File Number is 14698288."

34.    At the time RICE received the above telephonic voice message, she did not know the identity of caller.

35.    At the time RICE received the above telephonic voice message, she did not know that the caller was a debt collector.

36.     At the time RICE received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

37.     The telephone number 888-274-9834 is answered by is answered by persons who are employed by M.R.S. ASSOCIATES as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## V.  FACTS REGARDING MELOSKIE

38.     Sometime prior to February 4, 2010, MELOSKIE allegedly incurred a financial obligation ("Meloskie Obligation").

39.     The Meloskie Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

40.     Defendants contend that the Meloskie Obligation is in default.

41.     The alleged Meloskie Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

42.     MELOSKIE is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

43.     MELOSKIE is informed and believes, and on that basis alleges, that sometime prior to February 4, 2010, the creditor of the Meloskie Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to M.R.S. ASSOCIATES for collection.

44.     Within the one year immediately preceding the filing of this complaint M.R.S. ASSOCIATES contacted MELOSKIE on multiple occasions via telephone and left voice messages in an attempt to collect the Meloskie Obligation.

-7-

45.     By way of limited example only, the following is a transcript of one such "live" telephonic voice message that M.R.S. ASSOCIATES left for MELOSKIE on her cellular telephone voicemail system during the one-year period immediately preceding the filing of this complaint:

> "This message is for Elizabeth Meloskie. My name is Matt Lord. I do have some important information that I need to speak to you about. Please call me when you get this message so we can get this resolved. My phone number is 888-274-9871; again, that's 888-274-9871. When calling you will need the Reference Number this concerns, the Reference Number is 1075048."

46.     At the time MELOSKIE received the above telephonic voice message, she did not know the identity of caller.

47.     At the time MELOSKIE received the above telephonic voice message, she did not know that the caller was a debt collector.

48.     At the time MELOSKIE received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

49.     The telephone number 888-274-9871 is answered by is answered by persons who are employed by M.R.S. ASSOCIATES as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

## VI.  FACTS REGARDING KAVALIN

50.     Sometime prior to November 3, 2009, KAVALIN allegedly incurred a financial obligation ("Kavalin Obligation").

51.     The Kavalin Obligation arose out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

52.     Defendants contend that the Kavalin Obligation is in default.

-8-

53.     The alleged Kavalin Obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

54.     The alleged Kavalin Obligation is a "debt" as defined by Fla. Stat. § 559.55(1).

55.     KAVALIN is, at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

56.     KAVALIN is, at all times relevant to this complaint, a "consumer" as that term is defined by Fla. Stat. § 559.55(2).

57.     KAVALIN is, at all times relevant to this complaint, a "debtor" as that term is defined by Fla. Stat. § 559.55(2).

58.     KAVALIN is informed and believes, and on that basis alleges, that sometime prior to November 3, 2009, the creditor of the Kavalin Obligation either directly or through intermediate transactions assigned, placed, transferred, or sold the debt to M.R.S. ASSOCIATES for collection.

59.     Within the one year immediately preceding the filing of this complaint M.R.S. ASSOCIATES contacted KAVALIN on multiple occasions via telephone and left voice messages in an attempt to collect the Kavalin Obligation.

60.     By way of limited example only, the following is a transcript of one such "live" telephonic voice message that M.R.S. ASSOCIATES left for KAVALIN on her cellular telephone voicemail system during the one-year period immediately preceding the filing of this complaint:

> "Hi, this message is for Shari Kavalin. My name is Robin, and I'm calling with some very important information to make you aware of, and to make a decision that concerns you directly. I need your return call as soon as possible at 1-800-957-6303. When calling, use Reference Number 318608. This is a time-sensitive matter, so I do need your return call before 4:30 p.m. Eastern Standard Time today. Thank you."

61.     At the time KAVALIN received the above telephonic voice message, she did not know the identity of caller.

62.     At the time KAVALIN received the above telephonic voice message, she did not know that the caller was a debt collector.

63.     At the time KAVALIN received the above telephonic voice message, she did not know that the call concerned the collection of a debt.

64.     The telephone number 800-957-6303 is answered by is answered by persons who are employed by M.R.S. ASSOCIATES as "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6).

65.     The telephone number 800-957-6303 is answered by is answered by persons who are employed by M.R.S. ASSOCIATES as "debt collectors" as that term is defined by Fla. Stat. § 559.55(6).

## VII.  FACTS COMMON TO ALL PLAINTIFFS

66.     M.R.S. ASSOCIATES collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

67.     M.R.S. ASSOCIATES is, at all times relevant to this complaint, a "debt collector" as defined by 15 U.S.C. § 1692a(6).

68.     M.R.S. ASSOCIATES is a "debt collector" as defined by Fla. Stat. § 559.55(6).

69.     M.R.S. ASSOCIATES is engaged in the business of soliciting consumer debts for collection and/or collecting consumer debts and, therefore, is a "Consumer Collection Agency" as that term is defined by 15 Fla. Stat. § 559.55(7).

70.     Within the one year immediately preceding the filing of this complaint and as set forth above, M.R.S. ASSOCIATES contacted each of the Plaintiffs via telephone in an attempt to collect their respective alleged debts.

71.     Within the one year immediately preceding the filing of this complaint each of the Plaintiffs received one or more telephonic voice messages from M.R.S. ASSOCIATES, as set forth and described *supra*, on their home answering machines and/or voicemail systems ("Messages").

72.     Each of the Messages is a "communication" as defined by 15 U.S.C. § 1692a(2).

73.     Each of the Messages was left by persons employed as debt collectors by M.R.S. ASSOCIATES in connection with the collection of a "debt" as defined by 15 U.S.C. §1692a(5).

74.     Each of the Messages was left in connection with the collection of a "debt" as defined by Fla. Stat. § 559.55(1).

75.     Each of the Messages uniformly failed to identify M.R.S. ASSOCIATES by its company name as the caller.

76.     Each of the Messages uniformly failed to disclose that the communication was from a debt collector.

77.     Each of the Messages uniformly failed to disclose the purpose or nature of the communication, i.e., an attempt to collect a debt.

78.     Each of the Messages uniformly failed to provide meaningful identification of M.R.S. ASSOCIATES's identity as the caller.

79.     At the time each Plaintiff received the Messages, they did not know the identity of caller.

80.     At the time each Plaintiff received the Messages, they did not know that the caller was a debt collector.

81.     At the time each Plaintiff received the Messages, they did not understand that the call concerned the collection of a debt.

82.     The only way for Plaintiffs and/or a least sophisticated consumer to obtain the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages, is to place a return call to the telephone number provided in the Messages and speak with a debt collector employed by M.R.S. ASSOCIATES, and then provide that debt collector with personal information.

83.     M.R.S. ASSOCIATES intended that the Messages have the effect of causing Plaintiffs and least sophisticated consumers to place return calls to the telephone number provided in the Messages and speak with its debt collectors, and then provide those debt collectors with their personal information, as the sole means of obtaining the identity of the caller leaving the Messages, and to ascertain the purpose underlying the Messages.

84.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the States of New York and Florida-- uniformly hold that the FDCPA requires debt collectors to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

85.     At all times relevant to this action, M.R.S. ASSOCIATES was aware of the substantial weight of legal authority requiring it to disclose in its telephonic voice messages left for consumers, such as the Messages, that the call is from a debt collector.

86.     At all times relevant to this action, M.R.S. ASSOCIATES willfully, deliberately, and intentionally chose not to disclose in its telephonic voice messages left for Plaintiffs and

similarly situated consumers, such as the Messages, that the call is from a debt collector.

87.     Scores of federal court decisions -- including the 11th Circuit Court of Appeals and all of the Districts Courts within the States of New York and Florida -- uniformly hold that the FDCPA requires debt collectors to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating the name of the debt collection company and stating the nature and/or purpose of the call.

88.     At all times relevant to this action, M.R.S. ASSOCIATES was aware of the substantial weight of legal authority requiring it to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

89.     At all times relevant to this action, M.R.S. ASSOCIATES willfully, deliberately, and intentionally chose not to provide meaningful identification of itself in telephonic voice messages left for consumers, such as the Messages, by accurately stating its company name and stating the nature and/or purpose of the call.

90.     M.R.S. ASSOCIATES's act of leaving the Messages for Plaintiffs is conduct the natural consequences of which is to harass, oppress, or abuse a person in connection with the collection of a debt and is in violation of the FDCPA and FCCPA.

91.     M.R.S. ASSOCIATES's act of leaving the Messages for Plaintiffs constitutes the use of a false, deceptive, or misleading representation or means in connection with the collection of any debt and is in violation of the FDCPA.

92.     The FDCPA and FCCPA secure a consumer's right to have a debt collector cease further communications with the consumer. By failing to meaningfully identify itself, disclose the purpose of its call and state that M.R.S. ASSOCIATES is a debt collector in a manner

-13-

understandable to the least sophisticated consumer, M.R.S. ASSOCIATES has engaged in conduct designed to deprive consumers of their right to have a debt collector cease further communications.

## VIII. POLICIES AND PRACTICES COMPLAINED OF

93.     It is Defendant's policy and practice to leave "live" telephonic voice messages for consumers and other persons, such as the Messages, that violate the FDCPA and FCCPA by, *inter alia*:

    (a)     Leaving telephonic voice messages for consumers, which fail to provide meaningful disclosure of Defendant's identity;

    (b)     Leaving telephonic voice messages for consumers, which fail to disclose that the call is from a debt collector;

    (c)     Leaving telephonic voice messages for consumers, which fail to disclose the purpose or nature of the communication, i.e. an attempt to collect a debt; and

    (d)     Willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

94.     On information and belief, the Messages, as alleged in this complaint under the Facts Concerning Plaintiffs, number at least in the hundreds.

## IX. CLASS ALLEGATIONS

95.     This action is brought as a class action. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

96.     Plaintiffs seek to certify two classes.

97.     With respect to the First Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the United States of America (b) for whom Defendant left a voicemail or answering machine message, in the form of the Messages, (c) that did not identify Defendant by name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FDCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

98.     With respect to the Second Plaintiff Class, this claim is brought on behalf of a class of (a) all persons in the State of Florida (b) for whom Defendant left a voicemail or answering machine message, in the form of the Messages, (c) that did not identify Defendant by name or state that the call was for collection purposes (d) made in connection with Defendant's attempt to collect a debt (e) which Messages violate the FCCPA (f) during a period beginning one year prior to the filing of this initial action and ending 21 days after the service of this complaint.

99.     The identities of all class members are readily ascertainable from the records of M.R.S. ASSOCIATES and those companies and governmental entities on whose behalf it attempt to collects debts.

100.    Excluded from the Plaintiff Class are the Defendants and all officers, members, partners, managers, directors, and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

101.    With respect to the First Plaintiff Class, there are questions of law and fact common to the First Plaintiff Class, which common issues predominate over any issues

involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11).

102.    With respect to the Second Plaintiff Class, there are questions of law and fact common to the Second Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's telephonic voice messages, such as the Messages, violate Fla. Stat. § 559.72(7).

103.    The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

104.    The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

105.    This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

      (a)    **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

      (b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issues

are:

> (i.)   With respect to the First Plaintiff Class, whether the Defendant's telephonic voice messages, such as the Messages, violate 15 U.S.C. §§ 1692d(6), 1692e(10), and 1692e(11); and
>
> (ii.)  With respect to the Second Plaintiff Class, whether the Defendant's telephonic voice messages, such as the Messages, violate Fla. Stat. § 559.72(7).

(c)   **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of the Plaintiff Classes defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)   **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)   **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that

individual actions would engender.

106.    Certification of a class under Rule 23(b)(1)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for M.R.S. ASSOCIATES, which, on information and belief, collects debts throughout the United States of America.

107.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Messages violate 15 U.S.C. §1692d(6) and/or §1692e(11) is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

108.    Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that KAVALIN and the Second Plaintiff Class are entitled to injunctive relief for the Defendant's violations of the FCCPA and any monetary relief under the FCCPA would be merely incidental to that injunctive relief.

109.    Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

110.    Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## X.  FIRST CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## (AGAINST ALL DEFENDANTS)

111.    Plaintiffs reallege and incorporate by reference the allegations in the preceding paragraphs of this Complaint.

112.    Defendant violated the FDCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a)    Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. § 1692d;

(b)    Placing telephone calls without providing meaningful disclosure of M.R.S. ASSOCIATES's identity as the caller in violation of 15 U.S.C. § 1692d(6);

(c)    Leaving telephonic voice messages which fail to disclose the purpose or nature of the communication (i.e., an attempt to collect a debt) in violation of 15 U.S.C. § 1692d(6);

(d)    Failing to disclose in its initial communication with the consumer, when that communication is oral, that M.R.S. ASSOCIATES is attempting to collect a debt and that any information obtained will be used for that purpose, which constitutes a violation of 15 U.S.C. § 1692e(11); and

(e)    Failing to disclose in all oral communications that M.R.S. ASSOCIATES is a debt collector in violation of 15 U.S.C. §1692e(11).

## XI.  SECOND CAUSE OF ACTION
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## (BY KAVALIN AGAINST ALL DEFENDANTS)

113.   Plaintiff realleges and incorporates by reference the allegations in the preceding paragraphs of this Complaint.

114.   Defendant violated the FCCPA. Defendant's violations with respect to the Messages include, but are not limited to, the following:

(a)   Willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family in violation of Fla. Stat. § 559.72(7); and

(b)   Willfully making false, deceptive, and misleading statements, which conduct can reasonably be expected to abuse or harass the debtor or any member of her or his family in violation of Fla. Stat. § 559.72(7).

## XII.  PRAYER FOR RELIEF

115.   WHEREFORE, Plaintiffs respectfully request that the Court enter judgment in their favor and in favor of the Plaintiff Classes as follows:

A.   **For the FIRST CAUSE OF ACTION:**

(i)   An order certifying that the First Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiffs and the undersigned counsel to represent the First Plaintiff Class as previously set forth and defined above;

(ii)   An award of the maximum statutory damages for Plaintiffs and the First Plaintiff Class pursuant to 15 U.S.C. § 1692k(a)(B);

(iii)    Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv)    For such other and further relief as may be just and proper.

B.    **For the SECOND CAUSE OF ACTION**:

(i)    An order certifying that the Second Cause of Action may be maintained as a class pursuant to Rule 23 of the Federal Rules of Civil Procedure and Fla. Stat. § 559.77(2) and appointing KAVALIN and the undersigned counsel to represent the Second Plaintiff Class as previously set forth and defined above;

(ii)    An award of the maximum statutory damages for KAVALIN and the Second Plaintiff Class pursuant to Fla. Stat. § 559.77(2);

(iii)    For an award of equitable relief for KAVALIN and the Second Plaintiff Class, pursuant to Fla. Stat. § 559.77(2), including enjoining the Defendants from committing further violations of Fla. Stat. § 559.72(7);

(iv)    For a finding that the Defendants violation of Fla. Stat. § 559.72(7) were wanton, malicious or gross and outrageous to such an extent that the measured compensation to the Plaintiff and the Second Plaintiff Class should have an additional amount added to it by way of punitive damages pursuant to Fla. Stat. § 559.77(2) in an amount to be determined at trial;

(v)    Attorney's fees, litigation expenses, and costs pursuant to Fla. Stat. § 559.77(2); and

(vi)    For such other and further relief as may be just and proper.

## XIII. JURY DEMAND

Plaintiffs hereby demand that this case be tried before a Jury.

DATED:     Fresh Meadows, New York
           August 9, 2010

_____
WILLIAM F. HORN, ESQ. (WH-1070)
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone:  (718) 785-0543
Facsimile:  (866) 596-9003

*Attorney for Plaintiffs, Susan Rice, Elizabeth Meloskie, Shari Kavalin, and all others similarly situated*